# ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Deputy Clerk

| | |
|---|---|
| MARY T. WILLIAMS, on behalf of herself and all others similarly situated, | : : : |
| Plaintiffs, | : STATE CIVIL ACTION NO.: : 2003CV69845 |
| v. | : |
| AFC ENTERPRISES, INC., FRANK J. BELATTI, GERALD J. WILKINS, DICK R. HOLBROOK, SAMUEL N. FRANKEL, MARK J. DORAN, PAUL FARRAR, MATT L. FIGEL, KELVIN J. PENNINGTON, JOHN M. ROTH, RONALD P. SPOGLI, PETER STARRETT and WILLIAM M. WARDLAW, | : CIVIL ACTION NO.: ***JOF*** : : **1:03-CV-2490** : : : : : : : : : |
| Defendants. | : : |

## NOTICE OF REMOVAL

Defendants, AFC Enterprises, Inc., Frank J. Belatti, Gerald J. Wilkins, Dick

R. Holbrook, Samuel N. Frankel, Mark J. Doran, Paul Farrar, Matt L. Figel, Kelvin

J. Pennington, John M. Roth, Ronald P. Spogli, Peter Starrett, and William M.

Wardlaw, hereby remove the above-referenced action from the Superior Court of

Fulton County, State of Georgia, to the United States District Court for the

Northern District of Georgia, Atlanta Division.

FORMS RECEIVED
Consent To US Mag.
Pretrial Instructions
Time for...

1.

On May 15, 2003, Plaintiff Mary T. Williams filed a purported shareholder class action suit against Defendants in the Superior Court of Fulton County, State of Georgia, Civil Action File No. 2003CV69845, asserting federal claims arising under Sections 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k and 77o. A copy of the Complaint is included as part of Exhibit A.

## THIS CASE MEETS THE REQUIREMENTS FOR REMOVAL

2.

A case is properly removable to federal court from state court when the federal court has original jurisdiction over the action and the notice of removal is timely, "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a).

3.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law.

4.

This notice of removal is timely because it was filed within 30 days of service of the summons and complaint on Defendant AFC Enterprises, Inc. on July

21, 2003.

## SLUSA PERMITS REMOVAL OF "COVERED CLASS ACTIONS" THAT INVOLVE "COVERED SECURITIES" EVEN IF BROUGHT UNDER FEDERAL LAW

5.

Contrary to the allegations of Plaintiff's complaint (Compl. ¶ 3), the Securities Act does not preclude removal of this action. To the contrary, Section 16(c) of the Securities Act, as amended by the Securities Litigation Uniform Standards Act ("SLUSA"), expressly permits removal of this action, a "covered class action . . . involving a covered security." 15 U.S.C. § 77p(c). Plaintiffs contend that SLUSA only permits removal of claims brought under state law, but that interpretation of SLUSA directly conflicts with Congress's stated purpose in enacting SLUSA. Accordingly, while there is authority to the contrary, the better reading of SLUSA is that all "covered class action[s] . . . involving a covered security" are removable. Neither the Supreme Court or the Eleventh Circuit has addressed the issue.

6.

Section 22 of the Securities Act states that no case arising under the Securities Act may be removed "[e]xcept as provided in section 77p(c) of this

title." 15 U.S.C. § 77v(a). Section 77p(c), as amended by SLUSA, states as follows:

**(c) Removal of covered class actions.**

Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c) (emphasis added). Accordingly, this action is removable if it is a "covered class action" and involves a "covered security."

7.

This action is a "covered class action" as defined by SLUSA, 15 U.S.C. § 77p(f)(2). Plaintiff seeks damages on a representative basis on behalf of herself and a putative class and alleges that questions of law or fact common to the members of the putative class predominate over any questions affecting only individual members of the putative class. Compl. ¶¶ 2, 5 23, 27, 28, 38, Prayer for Relief; see also 15 U.S.C. § 77p(f)(2)(A)(i)(II). This action involves the common stock of AFC Enterprises, Inc., a "covered security" as defined by SLUSA, 15 U.S.C. § 77p(f)(3). See Compl. ¶¶ 2, 29, 30, 31, 33, 35, 36, and 37. Because this action is a covered class action and involves a covered security, it is expressly

removable under SLUSA.

8.

Plaintiff argues through its allegations that the definition of "covered class action" includes the requirement that the action be based upon state or common law. Compl. ¶ 3. The definition of "covered class action" is set forth at 15 U.S.C. § 77p(f)(2), and it plainly does not include that requirement.

9.

Plaintiff cites In re Waste Mgmt., Inc., Sec. Litig., 194 F. Supp. 2d 590 (S.D. Tex. 2002), for the proposition that only covered class actions involving covered securities that assert claims under state law are removable. Compl. ¶ 3. Defendants respectfully disagree with the holding of the Waste Management court. In its opinion, the district court improperly conflated the subsection of SLUSA governing removal, 15 U.S.C. § 77p(c), with the subsection of SLUSA that preempts certain claims brought under state law. While there is some ambiguity in the removal subsection, that ambiguity should be resolved consistent with Congress's stated intention in enacting SLUSA, "to prevent plaintiffs from seeking to evade the protections that Federal law provides against abusive litigation by filing suit in State, rather than Federal, court." H.R. Conf. Rep. No. 105-803, at 13

5

(1998).

10.

The district court permitted removal of an action arising under the Securities Act that was brought in state court in <u>Brody v. Homestore, Inc.</u>, 240 F. Supp. 2d 1122 (C.D. Cal. 2003).    In that case, the court correctly construed SLUSA consistent with its purpose, to permit defendants to enjoy the protections of federal court in class action securities litigation.    The district court reached the same result in <u>In re WorldCom, Inc. Sec. Litig.</u>, 293 B.R. 308, 327 (S.D.N.Y. 2003).

11.

Plaintiff cites <u>Herndon v. Equitable Variable Life Ins. Co.</u>, No. 02-15358, 2003 WL 1592293, at *1 (11th Cir. Mar. 28, 2003) for the proposition that SLUSA permits removal only of claims brought under state law.  However, in that case, the Eleventh Circuit did not have occasion to consider whether class actions brought under the Securities Act, or any other federal law, are removable under SLUSA. The claims in <u>Herndon</u> were brought under state law.  Accordingly,  the holding in <u>Herndon</u> is not applicable.

12.

Defendants acknowledge that District Judge Willis B. Hunt, Jr. of this Court

recently issued an unpublished order remanding to state court an action brought under the Securities Act that the defendants removed pursuant to SLUSA.  See Martin v. BellSouth Corp., No. 1:03-CV-0728-WBH (N.D. Ga. July 2, 2003) (order granting motion for remand) (copy attached as Exhibit B).  Judge Hunt's reasoning was similar to the reasoning of the Waste Management court discussed above, and Defendants respectfully disagree with the Court's decision.  Defendants note that Judge Hunt's unpublished order is not binding precedent.  See Fishman & Tobin, Inc. v. Tropical Shipping & Constr. Co., 240 F.3d 956, 965 (11th Cir. 2001).

13.

All Defendants join in this Notice of Removal.

14.

Pursuant to 28 U.S.C. § 1441(a), Defendants attach hereto as Exhibit A, a copy of all of the process, pleadings, and orders previously served upon Defendants in the Action.

15.

Pursuant to 28 U.S.C. 1446(d), Defendants will promptly notify all parties and the Superior Court of Fulton County, State of Georgia of this removal through a Notice of Filing of Notice of Removal, a copy of which is attached as Exhibit C.

16.

By filing this Notice of Removal, Defendants do not waive, either expressly or impliedly, their respective rights to assert any defenses that the Defendants could have asserted in the Superior Court of Fulton County, Georgia.

WHEREFORE, Defendants respectfully submit this Notice of Removal of the Action to this Court this 20th day of August, 2003.

M. Robert Thornton
Georgia Bar No. 710475
Michael R. Smith
Georgia Bar No. 661689
John P. Brumbaugh
Georgia Bar No. 085378
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
(404) 572-4600

Counsel for Defendants AFC
Enterprises, Inc., Frank J. Belatti,
Gerald J. Wilkins, Dick R. Holbrook,
Samuel N. Frankel, Mark J. Doran, Paul
Farrar, Matt L. Figel, Kelvin J.
Pennington, John M. Roth, Ronald P.
Spogli, Peter Starrett and William M.
Wardlaw

# DUPLICATE

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| MARY T. WILLIAMS,<br>on behalf of herself and all others<br>similarly situated, | : | Civil Action No. 2003CV69845 |
| | : | |
| Plaintiffs, | : | CLASS ACTION COMPLAINT |
| | : | |
| v. | : | |
| | : | |
| AFC ENTERPRISES, INC., FRANK J.<br>BELATTI, GERALD J. WILKINS, DICK<br>R. HOLBROOK, SAMUEL N. FRANKEL,<br>MARK J. DORAN, PAUL FARRAR, MATT<br>L. FIGEL, KELVIN J. PENNINGTON,<br>JOHN M. ROTH, RONALD P. SPOGLI,<br>PETER STARRETT and WILLIAM M.<br>WARDLAW, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |



MAY 15 2003

## COMPLAINT

1.    This is a class action lawsuit asserting absolute liability claims on behalf of all persons who purchased the common stock of AFC Enterprises, Inc. ("AFC" or the "Company") in or traceable to the 7 million share secondary public offering of AFC

This writing/publication is a creative work fully protected by all applicable copyright laws, as well as by misappropriation, trade secret, unfair competition and other applicable laws. The authors of this work have added value to the underlying factual materials herein through one or more of the following: unique and original selection, coordination, expression, arrangement, and classification of the information.

No copyright is claimed in the text of statutes, regulations, and any excerpts from analysts' reports quoted within this work.

Copyright © 2003 by Cauley Geller Bowman Coates & Rudman, LLP and S. Gene Cauley.  Cauley Geller Bowman Coates &,Rudman LLP and S. Gene Cauley will vigorously defend all its rights to this writing/publication.

All rights reserved - including the right to reproduce in whole or in part in any form. Any reproduction in any form by anyone of the material contained herein without the permission of Cauley Geller Bowman Coates & Rudman, LLP and S. Gene Cauley is prohibited.

common stock at $23.00 per share that occurred on or about December 6, 2001 (the "Offering"). After trading as high as $34.50 on April 12, 2002, AFC's common stock fell to $13.40 on March 24, 2003 after the Company announced that it would restate all of the Company's reported earnings since the Offering. AFC common stock currently trades at $15.65.

2.    As set forth below, Defendants violated the Securities Act of 1933 (the "1933 Act") by issuing a Registration Statement and Prospectus for the Offering that contained untrue statements of material fact and omitted to state material facts necessary to make the statements therein not misleading. As a result, the market price for AFC's common stock was inflated artificially in the Offering, and the persons who purchased such stock at artificially inflated prices in or traceable to the Offering suffered damages thereby.

## JURISDICTION AND VENUE

3.    The claims alleged herein arise under §11 of the 1933 Act; 15 U.S.C. §77k. Jurisdiction is conferred by §22 of the 1933 Act, 15 U.S.C. §77v, and venue is proper pursuant to §22 of the 1933 Act. In connection with the Offering, Defendants used the instrumentalities of interstate commerce and the U.S. mails. Section 22 of the 1933 Act explicitly states that "[t]he district courts of the United States . . . shall have jurisdiction . . . **concurrent with State and Territorial courts**" of actions filed

-2-

under the 1933 Act. The statute also states that "[e]xcept as provided in section 16(c), no case arising under this title and brought **in any State** court of competent jurisdiction shall be removed to any court in the United States."[1] Section 16(c) refers to "covered class actions," which are defined as lawsuits brought as class actions or brought on behalf of more than 50 persons asserting claims **under state or common law**. This is a class action asserting **federal law claims**. Thus, it does not fall within the definition of a "covered class action" under §16(c) and therefore is not removable to federal court under the Securities Litigation Uniform Standards Act of 1998. *See In re Waste Mgmt., Inc., Sec. Litig.*, 194 F. Supp. 2d 590 (S.D. Tex. 2002).

4.    Defendant AFC Companies, Inc. is a Minnesota corporation headquartered and conducting business in Fulton County.    The violations of law complained of herein occurred in part in Fulton County, including the dissemination of materially false and misleading statements complained of herein into Fulton County. Members of the Class residing in Fulton County are believed to have purchased the securities covered by this lawsuit.

---

[1] The Eleventh Circuit recently held that in order to establish that removal under SLUSA is appropriate, a defendant must show that (1) this is a "covered class action"; (2) claims are based on state law; (3) one or more "covered securities" have been purchased or sold; and (4) the defendant misrepresented or omitted a material fact "in connection with the purchase or sale of such security." *Herndon v. Equitable Variable Life Ins. Co.*, No. 02-15358, 2003 WL 1592293, at *1 (11th Cir. Mar. 28, 2003).

## PARTIES

5. Plaintiff Mary T. Williams purchased AFC's Stock in or traceable to the Offering and was damaged thereby.

6. Defendant AFC is headquartered at Six Concourse Parkway, Suite 1700, Atlanta, Georgia 30328. AFC operates, develops and franchises quick-service restaurants, bakeries and cafes under the trade names of Popeye's Chicken & Biscuits, Church's Chicken, Cinnabon Bakeries, Seattle's Best Coffee and Torrefazione Italia.

7. Defendant Frank J. Belatti ("Belatti"), at all relevant times hereto, served as Chief Executive Officer and Chairman of AFC. Defendant Belatti signed the Registration Statement and Prospectus filed in connection with the Offering.

8. Defendant Gerald J. Wilkins ("Wilkins"), at all relevant times hereto, served as Executive Vice President and Chief Financial Officer of AFC. Defendant Wilkins signed the Registration Statement and Prospectus filed in connection with the Offering.

9. Defendant Dick R. Holbrook ("Holbrook"), at all relevant times hereto, served as President, Chief Operating Officer and a member of the Board of Directors of AFC. Defendant Holbrook signed the Registration Statement and Prospectus filed in connection with the Offering.

10. Defendant Samuel N. Frankel ("Frankel"), at all relevant times hereto, served as Executive Vice President, Secretary,

-4-

General Counsel and as a member of the Board of Directors of AFC. Defendant Frankel signed the Registration Statement and Prospectus filed in connection with the Offering.

11.  Defendant Mark J. Doran ("Doran"), at all relevant times hereto, served as a member of the Board of Directors of AFC. Defendant Doran signed the Registration Statement and Prospectus filed in connection with the Offering.

12.  Defendant Paul Farrar ("Farrar"), at all relevant times hereto, served as a member of the Board of Directors of AFC. Defendant Farrar signed the Registration Statement and Prospectus filed in connection with the Offering.

13.  Defendant Matt L. Figel ("Figel"), at all relevant times hereto, served as a member of the Board of Directors of AFC. Defendant Figel signed the Registration Statement and Prospectus filed in connection with the Offering.

14.  Defendant Kelvin J. Pennington  ("Pennington"), at all relevant times hereto, served as a member of the Board of Directors of AFC. Defendant Pennington signed the Registration Statement and Prospectus filed in connection with the Offering.

15.  Defendant John M. Roth ("Roth"), at all relevant times hereto, served as a member of the Board of Directors of AFC. Defendant Roth signed the Registration Statement and Prospectus filed in connection with the Offering.

16.  Defendant Ronald P. Spogli ("Spogli"), at all relevant

times hereto, served as a member of the Board of Directors of AFC.
Defendant Spogli signed the Registration Statement and Prospectus
filed in connection with the Offering.

17.  Defendant Peter Starrett ("Starrett"), at all relevant
times hereto, served as a member of the Board of Directors of AFC.
Defendant Starrett signed the Registration Statement and Prospectus
filed in connection with the Offering.

18.  Defendant William M. Wardlaw ("Wardlaw"), at all relevant
times hereto, served as a member of the Board of Directors of AFC.
Defendant Wardlaw signed the Registration Statement and Prospectus
filed in connection with the Offering.

19.  Belatti, Wilkins, Holbrook, Frankel, Doran, Farrar,
Figel, Pennington, Roth, Spogli, Starrett and Wardlaw are sometimes
collectively  referred  to  hereinafter  as  the  "Individual
Defendants."

20.  Each of the Individual Defendants participated in the
drafting, preparation, and/or approval of various untrue and
misleading statements contained in the Registration Statement and
Prospectus filed by the Company with the Securities and Exchange
Commission ("SEC") in connection with the Offering.  Because of
their Board memberships, executive and managerial positions, and/or
extensive holdings of AFC's securities, each of the Individual
Defendants was responsible for ensuring the truth and accuracy of
the various statements contained in the Company's Registration

-6-

Statement and Prospectus in connection with the Offering.

21.  Each of the Individual Defendants had a duty to disseminate promptly accurate and truthful information with respect to the Company and to correct promptly any previously disseminated untrue or misleading information. As a result of their failure to do so with respect to the preparation and filing with the SEC of the Company's Registration Statement and Prospectus in connection with the Offering, as complained of herein, the market price of AFC's stock was inflated artificially causing injury to Plaintiff and the other members of the class.

22.  The Individuals Defendants, because of their management positions, membership on the AFC Board of Directors and/or their extensive ownership of AFC's securities, had the power and influence to direct the management and activities of AFC and its employees. Accordingly, the Individual Defendants were able to, and did, control the contents of the Company's Registration Statement and Prospectus complained of herein that was filed with the SEC in connection with the Offering. Each such Defendant, as a signatory to the Registration Statement and Prospectus, was provided copies of the allegedly untrue and misleading Registration Statement and Prospectus prior to its issuance and had the ability and opportunity to prevent its issuance or cause it to be corrected.

-7-

## CLASS ACTION ALLEGATIONS

23. Plaintiff brings this action as a class action pursuant to O.C.G.A. 9-11-23 on behalf of a Class, consisting of all persons who purchased or otherwise acquired AFC stock in and/or traceable to the Offering and were damaged thereby. Excluded from the Class are Defendants, members of the immediate family of the Individual Defendants, any subsidiary or affiliate of AFC and the directors, officers and employees of AFC or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

24. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are thousands of members of the Class located throughout the United States. AFC sold 7 million shares of common stock at $23.00 per share ($161 million) in the Offering. Record owners and other members of the Class may be identified from records maintained by AFC and/or its transfer agents and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions.

25. Plaintiff's claims are typical of the claims of the other members of the Class as all members of the Class were similarly

-8-

affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

26. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation.

27. Common questions of law or fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law or fact common to the Class are:

a) Whether §§11 and 15 of the 1933 Act were violated by Defendants' acts and omissions as alleged herein;

b) Whether the Registration Statement and Prospectus filed with the SEC in connection with the Offering contained untrue statements of material fact or omitted to state material facts necessary in order to make the statements made not misleading;

c) Whether the market price of AFC's stock sold in and/or traceable to the Offering was inflated artificially due to the non-disclosures and/or untrue statements complained of herein; and

d) To what extent the members of the Class have sustained damages and the proper measure of damages.

28. A class action is preferable to all other available methods for the fair and efficient adjudication of this controversy. Because the joinder of all individual class members

-9-

  
is impracticable and the damages suffered by individual Class
members may be relatively small, the expense and burden of
individual litigation make it impossible for members of the Class
to individually redress the wrongs done to them. There will be no
difficulty in the management of this case as a class action.

### False and Misleading Statements

29.  On December 6, 2001, AFC issued a secondary public
offering of its common stock.  In the offering, AFC issued 7
million shares of common stock at a price of $23.00 per share for
total proceeds of $161,000,000. In connection with the Offering,
AFC filed a Registration Statement and a Prospectus with the SEC
dated December 6, 2001. The prospectus provided the following 2001
financial statements up to and including October 7, 2001.

Consolidated Statement of Operations Data:

| | |
|---|---|
| Revenues.............................. | $531,961 |
| Income from continuing operations..... | $62,457 |
| Interest expense, net................. | $19,158 |
| Net income............................ | $25,131 |
| Basic earnings per share.............. | $0.86 |
| Weighted average basic shares outstanding(000s)................. | 29,254 |
| Diluted earnings per share............ | $0.81 |
| Weighted average diluted shares outstanding  (000s)........ | 31,091 |

Other Financial Data:

| | |
|---|---|
| EBITDA................................ | $94,800 |
| EBITDA margin......................... | 17.8% |
| Cash capital expenditures............. | $43,317 |

*  *  *

-10-

CONSOLIDATED BALANCE SHEETS
(in thousands, except per share data)
As of 10/07/01

Assets:

Current Assets:
Cash and cash equivalents.................... $13,119
Accounts and current notes receivable, net... $21,083
Prepaid income taxes......................... $3,874
Inventories.................................. $17,646
Deferred income taxes........................ $1,395
Prepaid expenses and other................... $5,027
                                              --------
    Total current assets..................... $62,144
                                              --------

Long-term assets:
Notes receivable, net........................ $7,429
Deferred income taxes........................ $4,997
Property and equipment, net of accumulated
    depreciation and amortization of......... $158,675
Assets under contractual agreement, net...... $7,323
Other assets................................. $14,936
Franchise value and trade name, net.......... $71,040
Goodwill, net................................ $102,585
Other intangible assets, net................. $3,805
                                              --------
    Total long-term assets.................... $474,466
                                              --------
    Total assets.............................. $536,610
                                              ========

Liabilities and Shareholders' Equity:

Current liabilities:
Accounts payable............................. $15,666
Bank overdrafts.............................. $12,752
Current portion of long-term debt............ $23,362
Current portion of capital lease
    obligations.............................. $582
Current portion of acquisition line of credit
    credit................................... $37,000
Short-term borrowings........................ $8,633
Income taxes payable......................... $3,011
Accrued interest............................. $5,153
Accrued insurance expenses................... $644
Accrued employee compensation................ $4,938

-11-

| | |
|---|---|
| Accrued employee benefit expenses............ | $6,182 |
| Other accrued expenses....................... | $6,065 |
| Total current liabilities.................. | $123,988 |
| Long-term liabilities: | |
| Long-term debt, net of current portion....... | $172,547 |
| Capital lease obligations, net of current portion.................................. | $1,695 |
| Acquisition facility, net of current portion.................................. | – |
| Other liabilities............................ | $27,541 |
| Total long-term liabilities................ | $201,783 |
| Total liabilities.......................... | $325,771 |
| Commitments and contingencies | |
| Shareholders' Equity: | |
| Preferred stock ($.01 par value; 2,500,000 shares authorized; 0 issued)............. | – |
| Common stock ($.01 par value; 50,000,000 shares authorized;26,295,673, 26,351,717 and 30,359,789 shares issued, respectively)........................... | $304 |
| Capital in excess of par value............... | $211,349 |
| Notes receivable--officers, including accrued interest.................................. | (7,525) |
| Treasury stock, at cost (12,238 shares)...... | – |
| Accumulated retained earnings................ | $6,711 |
| Total shareholders' equity................. | $210,839 |
| Total liabilities and shareholders' equity.................................. | $536,610 |

## The Truth Revealed

30. On March 24, 2003, after the close of the market, AFC shocked the market by announcing that it would be restating its financial statements for fiscal year 2001 and the first three quarters of 2002. The Company also reported that it was examining whether or not its financial statements for fiscal year 2000 should be restated. The press release stated in pertinent part as follows:

On January 16, 2003, the Company announced plans to record an impairment charge related to the carrying value of certain long-lived assets at its restaurants, bakeries and cafes and other non-cash charges, including charges related to fixed asset and leasehold improvement write-offs. The Company originally intended to record these charges in the fourth quarter of 2002, but now will record them in 2001 in connection with restating its 2001 financial statements. In connection with the review described above, the Company has also determined that other adjustments should be made to its financial statements for 2001 and the first three quarters of 2002. The most significant of those adjustments are as follows:

Impairment of Long-Lived Assets

* The Company's prior policy regarding impairment of long-lived assets was to evaluate operating restaurant, bakery and café properties on a market basis. The Company has now determined that these assets should be evaluated on a site by site basis. As a result of this change, an impairment of long-lived assets of $4.5 million to $5.5 million pre-tax will be recorded at year-end 2001, and an impairment charge of $11 million to $12 million pre-tax will be recorded at year-end 2002. Because the book value of the subject assets will be reduced, related depreciation expense will decrease in future years.

Franchising Matters

* When the Company has sold assets to a franchisee in connection with the conversion of Company-owned units, it has recorded a gain on the assets at the time of the conversion. The Company has determined that it should

-13-

defer a portion of the gain on some assets sold where the
Company maintains involvement with the assets, such as
where it continues to lease property to the franchisee.
Adjustments will be recorded in 2001 and in the first
three quarters of 2002 to defer gains previously
recognized on sales of assets to franchisees in these
circumstances.

* The Company maintains cooperative advertising funds
that receive contributions separately from Popeyes and
Church's franchisees, with amounts contributed to those
funds by franchisees and the Company being used
throughout the year for advertising for the respective
brands. The Company historically has not consolidated
these funds in its financial statements, but the Company
now has determined that it is necessary to do so. The
Company expects that the consolidation will result in
additional advertising expenses of $1.0 million to $2.0
million pre-tax during 2001.

Seattle Coffee Company

* As previously reported, the Company recorded an
adjustment in the third quarter of 2002 at its Seattle
Coffee Company subsidiary to reflect the write down of
inventory to net realizable value. The write down was due
to a correction of errors relating to inventory costing
changes, inventory obsolescence issues, package design
changes, and a non- integrated inventory accounting
system. The Company has determined that this write down
should have been recorded in 2001 and therefore will
record an adjustment of $2.0 million to $2.4 million
pre-tax in 2001 related to this item.

* Slotting fees payable to grocery retailers for placing
Seattle Coffee Company coffee in their stores were
previously amortized over a two- year period. The Company
has determined that certain of these amounts should have
been recognized as sales discounts and therefore netted
against sales in the period incurred. An adjustment of
$1.0 million to $1.5 million pre-tax will be recorded at
Seattle Coffee Company during 2001 to reflect this
change.

* An adjustment of $700,000 to $1.0 million pre-tax in
2001 will be recorded at Seattle Coffee Company to
reflect sales allowances, adjustments and returns that
were recorded in incorrect periods.

Other

-14-

* The Company has determined that rent that escalates over time should have been recognized on a straight-line basis over the entire term of the lease, including renewal options, rather over the initial term of the lease. It may be necessary to record adjustments in 2001 and in the first three quarters of 2002 as a result of this change.

* The Company previously was expensing payments to a former officer (under the terms of a previously disclosed employment agreement) as the payments are made over a ten-year term. The Company has determined that the entire obligation related to the agreement should have been recorded in 2001 when the agreement was signed. An adjustment of $2.5 million to $3.0 million pre-tax will be recorded in 2001 to recognize the present value of payments to be made to the former officer under the terms of this employment agreement.

* The Company's restated 2002 and 2001 financial statements will also include additional adjustments, none of which is individually expected to be as significant as the adjustments described above.

In addition, the Company is continuing to assess whether it will be necessary to restate its fiscal year 2000 financial statements to reflect adjustments relating primarily to the items described above. When it completes this assessment, the Company will make a further announcement.

31. In response to this negative announcement the price of AFC stock plummeted to as low as $12.30 per share, on extremely heavy trading volume.

## FIRST CLAIM
### (For Violations of Section 11 Of The 1933 Act Against All Defendants)

32. Plaintiff incorporates herein ¶¶ 1-31 by reference. This Count is brought by Plaintiff pursuant to §11 of the 1933 Act, 15 U.S.C. §77k, on behalf of all persons who purchased AFC's common stock in or traceable to the Offering. Plaintiff does not assert

-15-

that Defendants are liable for fraudulent or intentional conduct and disavows and disclaims any allegation of fraud for purposes of this claim.

33. The Registration Statement and Prospectus were inaccurate and misleading, contained untrue statements of material facts, and omitted to state material facts necessary to make the statements made not misleading. Specifically, as set forth in ¶29, the Registration Statement and Prospectus were untrue and misleading in that they did not disclose AFC's financial statements in accordance with GAAP. These misstatements and omissions rendered the statements made in the Registration Statement and Prospectus concerning the Company's financial performance materially misleading.

34. All Defendants with the exception of AFC, the issuer (whose liability for the misstatements is absolute), owed to the purchasers of the stock, including Plaintiff and the other members of the Class, the duty to make a reasonable and diligent investigation of the statements contained in the Registration Statement and Prospectus at the time it became effective, to assure that those statements were true and that there was no omission to state material facts required to be stated in order to make the statements contained therein not misleading. As such, these Defendants are liable to Plaintiff and the other members of the Class.

35. The Company is the registrant for the AFC stock sold in

-16-

the Offering. As the issuer of these common shares, AFC is liable to Plaintiff and the other members of the Class who purchased AFC's stock in or traceable to the Registration Statement and Prospectus for the misstatements and omissions contained therein under §11 of the 1933 Act.

36. Each of the Individual Defendants for the Offering (i) signed the Registration Statement and/or Prospectus; and (ii) was a director or officer of AFC at the time the respective Registration Statement and Prospectus were filed with the SEC. Further, none of the Individual Defendants made a reasonable investigation or possessed reasonable grounds for believing that the statements contained in the Registration Statement and Prospectus were true and devoid of any misstatements or omissions of material fact. Therefore, each of the Individual Defendants is liable to Plaintiff and the other members of the Class who purchased the AFC stock in or traceable to the Registration Statement and Prospectus for the various misstatements and omissions contained therein under §11 of the 1933 Act.

37. Plaintiff and the other members of the Class purchased AFC stock in or traceable to the Stock Registration Statement and Prospectus. At the time she purchased the stock, Plaintiff and the other members of the Class were without knowledge of the facts concerning the inaccurate and misleading statements and omissions alleged herein.

38. By reason of the conduct alleged herein, each Defendant

-17-

violated §11 of the 1933 Act.  As a direct and proximate result of Defendants' conduct, Plaintiff and the other members of the Class suffered substantial damage in connection with the purchase of the securities covered by the Registration Statement and Prospectus.

## SECOND CLAIM
### (For Violations of Section 15 Of The 1933 Act Against The Individual Defendants)

39.  Plaintiff incorporates ¶¶ 1- 38 by reference.  This Count is brought pursuant to §15 of the 1933 Act on behalf of all persons who purchased AFC's common stock in or traceable to the Offering.

40.  Each of the Individual Defendants was a controlling person of the Company within the meaning of §15 of the 1933 Act at the time the Registration Statement and Prospectus became effective and during the Offering period.  At the time the Registration Statement and Prospectus was filed with the SEC and declared effective, each of the Individual Defendants had the power and authority to control the Company by reason of the following:

(a)  Defendant Belatti had the power and authority to control AFC by virtue of his position as Chief Executive Officer and Chairman of the Board of Directors of AFC.

(b)  Defendant Wilkins had the power and authority to control AFC by virtue of his position as the Chief Financial Officer of AFC.

(c)  Defendant Holbrook had the power and authority to control AFC by virtue of his position as Executive Vice President of AFC and President of the Company's retail operations.

-18-

(d) Defendants Frankel, Doran, Farrar, Figel, Pennington, Roth, Spogli, Starrett and Wardlaw had the power and authority to control AFC by virtue of their respective positions as members of AFC's Board of Directors.

41. None of the Individual Defendants made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Registration Statement and Prospectus were true and devoid of any misstatements or omissions of material fact. Therefore, by reason of his or her position of control over the Company, as alleged herein, each of the Individual Defendants is liable jointly and severally with and to the same extent that AFC is liable to Plaintiff and the other members of the Class as a result of the conduct alleged herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the other members of the Class, prays for judgment as follows:

A. Declaring this action to be a class action maintainable properly pursuant to Rule 23 of the Georgia Rules of Civil Procedure on behalf of the Class, and declaring Plaintiff to be a proper Class representative;

B. Awarding Plaintiff and the other members of the Class compensatory damages as a result of the wrongs complained of herein, including interest thereon;

C. Awarding Plaintiff and the other members of the Class their costs and expenses of this litigation, including reasonable

-19-

attorneys' and experts' witness fees and other costs and disbursements; and

    D.    Awarding Plaintiff and the other members of the Class such other and further relief as the Court may deem just and proper.

<div align="center">

**JURY TRIAL DEMANDED**

</div>

    Plaintiff hereby demands a trial by jury.

Respectfully submitted, this 15th day of May, 2003.

                    HOLZER HOLZER & CANNON, LLC


                    By: _Christi A Cannon_

                    Corey D. Holzer
                    Georgia Bar No. 364698
                    Christi A. Cannon
                    Georgia Bar No. 107869
                    Michael I. Fistel, Jr.
                    Georgia Bar No. 262062
                    1117 Perimeter Center West
                    Suite E-107
                    Atlanta, Georgia 30338
                    (770) 392-0090 (telephone)
                    (770) 392-0029 (facsimile)

                    CAULEY, GELLER, BOWMAN, COATES
                         & RUDMAN, LLP
                    S. Gene Cauley
                    Randall K. Pulliam
                    11001 Executive Center Drive
                    Little Rock, Arkansas 72211
                    (501) 312-8500 (telephone)
                    (501) 312-8508 (facsimile)

                    **Attorneys for Plaintiff**

<div align="center">

-20-

</div>

# DUPLICATE

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE
AUG 19 2003
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| MARY T. WILLIAMS,<br>on behalf of herself and all others<br>similarly situated, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 2003-CV-69845 |
| | : | |
| AFC ENTERPRISES, INC., FRANK J.<br>BELATTI, GERALD J. WILKINS, DICK<br>R. HOLBROOK, SAMUEL N. FRANKEL,<br>MARK J. DORAN, PAUL FARRAR, MATT<br>L. FIGEL, KELVIN J. PENNINGTON,<br>JOHN M. ROTH, RONALD P. SPOGLI,<br>PETER STARRETT AND WILLIAM M.<br>WARDLAW, | : | |
| | : | |
| Defendants. | : | |

## ACKNOWLEDGEMENT OF SERVICE

The undersigned certifies that he is duly and fully authorized to accept service on behalf of Frank J. Belatti, Gerald J. Wilkins, Dick R. Holbrook, Samuel N. Frankel, Mark J. Doran, Paul Farrar, Matt L. Figel, Kelvin J. Pennington, John M. Roth, Ronald P. Spogli, Peter Starrett, and William M. Wardlaw, defendants in this action, and hereby acknowledges service of Plaintiff's Complaint. The undersigned states that he has received a copy of the Complaint and, on behalf of the above-named defendants, waives any further notice and service of the Complaint in this case. Defendants do not intend to waive, and expressly do not waive, any defenses other than those based upon the insufficiency of process or of service of process.

This **19th** day of August, 2003.

M. Robert Thornton
Georgia Bar No. 710475
Michael R. Smith
Georgia Bar No. 661689
John P. Brumbaugh
Georgia Bar No. 085378
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
(404) 572-4600

Counsel for Defendants AFC Enterprises, Inc.,
Frank J. Belatti, Gerald J. Wilkins, Dick R.
Holbrook, Samuel N. Frankel, Mark J. Doran,
Paul Farrar, Matt L. Figel, Kelvin J.
Pennington, John M. Roth, Ronald P. Spogli,
Peter Starrett and William M. Wardlaw

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MARY T. WILLIAMS,<br>on behalf of herself and all others<br>similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>AFC ENTERPRISES, INC., FRANK J.<br>BELATTI, GERALD J. WILKINS, DICK<br>R. HOLBROOK, SAMUEL N. FRANKEL,<br>MARK J. DORAN, PAUL FARRAR, MATT<br>L. FIGEL, KELVIN J. PENNINGTON,<br>JOHN M. ROTH, RONALD P. SPOGLI,<br>PETER STARRETT AND WILLIAM M.<br>WARDLAW,<br><br>                    Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:   Civil Action No. 2003-CV-69845<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **Defendants' Acknowledgement of Service** on counsel for all parties to this proceeding and on counsel for the proposed lead plaintiff by placing same in the United States mail, first-class postage affixed, properly addressed as follows:

Corey D. Holzer
Christi A. Cannon
Michael I. Fistel, Jr.
**Holzer Holzer & Cannon, LLC**
Suite E-107
1117 Perimeter Center West
Atlanta, Georgia 30338

S. Gene Cauley
Randall K. Pulliam
**Cauley, Geller, Bowman, Coates & Rudman, LLP**
11001 Executive Center Drive
Little Rock, Arkansas 72211

This 19th day of August, 2003.

_John P. Brumbaugh_
John P. Brumbaugh

# DUPLICATE

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

FILED IN OFFICE

AUG 1 9 2003

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

MARY T. WILLIAMS,
on behalf of herself and all others
similarly situated,

                    Plaintiff,

v.

AFC ENTERPRISES, INC., FRANK J.
BELATTI, GERALD J. WILKINS, DICK
R. HOLBROOK, SAMUEL N. FRANKEL,
MARK J. DORAN, PAUL FARRAR, MATT
L. FIGEL, KELVIN J. PENNINGTON,
JOHN M. ROTH, RONALD P. SPOGLI,
PETER STARRETT AND WILLIAM M.
WARDLAW,

                    Defendants.

Civil Action No. 2003-CV-69845

## STIPULATION EXTENDING TIME TO FILE RESPONSIVE PLEADINGS

Counsel for the parties in the above-captioned action hereby stipulate and agree as follows:

1.     The time in which Defendant AFC Enterprises, Inc. must file its responsive pleading(s) and/or otherwise respond to Plaintiff's Complaint is hereby extended from August 20, 2003 to September 22, 2003.

2.     Counsel for Defendants has acknowledged service on behalf of Defendants Frank J. Belatti, Gerald J. Wilkins, Dick R. Holbrook, Samuel N. Frankel, Mark J. Doran, Paul Farrar, Matt L. Figel, Kelvin J. Pennington, John M. Roth, Ronald P. Spogli, Peter Starrett, and William M. Wardlaw (the "Individual Defendants"). The time in which the Individual

Defendants must file their responsive pleading(s) and/or otherwise respond to Plaintiff's Complaint is hereby extended to September 22, 2003.

SO AGREED, this _19th_ day of August, 2003.


*Michael I. Fistel, Jr.*  with express
permission
JPB

Corey D. Holzer
Georgia Bar No. 364698
Christi A. Cannon
Georgia Bar No. 107869
Michael I. Fistel, Jr.
Georgia Bar No. 262062
HOLZER HOLZER & CANNON, LLC
1117 Perimeter Center West
Suite E-107
Atlanta, Georgia 30338
Telephone: (770) 392-0090
Facsimile: (770) 392-0029

Of Counsel:

CAULEY, GELLER, BOWMAN,
    COATES & RUDMAN, LLP
S. Gene Cauley
Randall K. Pulliam
11001 Executive Center Drive
Little Rock, Arkansas 72211
Telephone: (501) 312-8500
Facsimile: (501) 312-8508

Counsel for Plaintiff Mary T. Williams


*John P. Brumbaugh*

M. Robert Thornton
Georgia Bar No. 710475
Michael R. Smith
Georgia Bar No. 661689
John P. Brumbaugh
Georgia Bar No. 085378
KING & SPALDING LLP
191 Peachtree Street
Atlanta, Georgia 30303
Telephone: (404) 572-4600
Facsimile: (404 572-5100

Counsel for Defendants AFC Enterprises, Inc.,
Frank J. Belatti, Gerald J. Wilkins, Dick R.
Holbrook, Samuel N. Frankel, Mark J. Doran,
Paul Farrar, Matt L. Figel, Kelvin J.
Pennington, John M. Roth, Ronald P. Spogli,
Peter Starrett and William M. Wardlaw



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CURT E. MARTIN, On Behalf of Himself
and All Others Similarly Situated,

      Plaintiff,

v.

BELLSOUTH CORPORATION,
F. DUANE ACKERMAN, RONALD M.
DYKES, REUBEN V. ANDERSON,
JAMES H. BLANCHARD, J. HYATT
BROWN, ARMANDO M. CODINA, and
ROBIN B. SMITH,

      Defendants.

CIVIL ACTION FILE
NO. 1:03-CV-728-WBH

## ORDER

Before the Court are Plaintiff Curt E. Martin's Motion to Remand Action to the
Superior Court of Fulton County [7] and the parties' Joint Request for Oral Argument on
Plaintiff's Motion to Remand [19]. For the reasons set forth below, the motion to remand
is GRANTED, and the request for oral argument is DENIED.

## BACKGROUND

On February 6, 2003, Plaintiff filed this putative class action in the Superior Court
of Fulton County on behalf of all persons who purchased BellSouth Corporation
("BellSouth") common stock during the relevant time period through the BellSouth Dividend
Reinvestment Plan. Plaintiff alleges that Defendants violated Sections 11 and 15 the
Securities Act of 1933 ("the 1933 Act") by issuing a false and misleading Registration

Statement and Prospectus. The complaint, which alleges only federal securities law claims, was filed in state court pursuant to the concurrent jurisdiction provision of the 1933 Act, 15 U.S.C. § 77v(a). On March 18, 2003, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441(a).[1] Plaintiff filed a motion to remand, arguing that removal is barred by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15 U.S.C. §§ 77v, 77p(c).

## DISCUSSION

### I. General Removal Standard

A defendant may remove a case to federal court only if it could have been properly filed there originally. 28 U.S.C. § 1441. The burden is upon the removing defendant to establish that removal is proper. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996). Courts must construe removal statutes strictly and resolve uncertainties about federal jurisdiction in favor of remand. Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

### II. Removal of Securities Class Actions

The 1933 Act provides that a plaintiff may bring suit in state or federal court. See 15 U.S.C. § 77v(a). Until SLUSA was enacted in 1998, claims brought in state court were not removable. SLUSA amended the 1933 Act, in part, to provide an exception to the bar

---

[1] 28 U.S.C. § 1441(a) provides, in relevant part: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."

2

on removal for covered class actions[2] as described in Section 77p(c). See id.[3] Section 77p(c)

provides that "[a]ny covered class action brought in any State court involving a covered

security, *as set forth in subsection (b)*, shall be removable . . . and shall be subject to

subsection (b)." 15 U.S.C. § 77p(c) (emphasis added). Subsection (b), which preempts

certain class actions based on state law, provides as follows:

> No covered class action based upon the statutory or common law of any State or
> subdivision thereof may be maintained in any State or Federal court by any private
> party alleging –
>
> (1) an untrue statement or omission of a material fact in connection with the purchase
> or sale of a covered security; or
>
> (2) that the defendant used or employed any manipulative or deceptive device or
> contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b).

In this case, Plaintiff asserts that Section 77p(c)'s reference to subsection (b)

necessarily limits removal under SLUSA to actions based on state law. Therefore, because

his complaint asserts only federal claims, Plaintiff maintains that it falls outside the purview

---

[2] A "covered class action" includes a lawsuit on behalf of more than 50 people involving
common questions of law or fact. See 15 U.S.C. § 77p(f)(2).

[3] Section 77v(a) provides, in relevant part:

The district courts of the United States and the United States courts of any
Territory shall have jurisdiction of offenses and violations under this
title [15 U.S.C. §§ 77a et seq.] . . . and, concurrent with State and Territorial courts,
*except as provided in section 16 [15 U.S.C. § 77p] with respect to covered class actions*,
of all suits in equity and actions at law brought to enforce any liability or duty created
by this title . . . *Except as provided in section 16(c) [15 U.S.C. § 77p(c)]*, no case
arising under this title and brought in any State court of competent jurisdiction shall be
removed to any court of the United States.

15 U.S.C. § 77v(a) (emphasized portions reflect 1998 SLUSA amendments).

3

of SLUSA's removal provision and must be remanded. See Nauheim v. The Interpublic Group of Companies, Inc., 2003 U.S. Dist. LEXIS 6266, *11 (N.D. Ill. April 16, 2003) (holding that the plain language of the 1933 Act, as amended by SLUSA, permits the removal of only those covered class actions based on state law); In re Waste Management, Inc. Securities Litigation, 194 F. Supp. 2d 590, 596 (S.D. Tex. 2002) (finding no express statement that Congress intended to modify the traditional rule prohibiting removal of cases under the 1933 Act).

Defendants do not dispute that Plaintiff's case is based entirely on federal law; however, they argue that a proper reading of the 1933 Act demonstrates that removal is authorized by Section 77p(c) and is consistent with the legislative history of SLUSA. In particular, Defendants point out that Section 77p(c) refers to "*any* covered class action," not simply a class action based on state law. See 15 U.S.C. § 77p(c) (emphasis added). Defendants maintain that the reference to subsection (b) incorporates that subsection's description of state law class actions that may be removed, but does not limit removal to those cases. See Alkow v. TXU Corp., 2003 U.S. Dist. LEXIS 7900, *4 (N.D. Tex. May 8, 2003) (adopting this interpretation in order to harmonize Sections 77p(c) and 77v(a)); Brody v. Homestore, Inc., 240 F. Supp. 2d 1122, 1123-24 (C.D. Cal. 2003) (finding this interpretation to be consistent with the congressional findings of SLUSA).

The question of whether class actions brought in state court under the 1933 Act can be removed to federal court is one of first impression in this Court. In fact, there is no circuit case on point, and the few district courts to consider the question have split between the competing interpretations of the statute. However, based on the plain language of the 1933

4

Act and resolving all jurisdictional uncertainties in favor of remand, this Court agrees with Plaintiff that remand to state court is appropriate in this case.

When statutory language is clear and unambiguous, courts must give effect to the plain meaning of the statute and need not examine the legislative history. See, e.g., Nauheim, 2003 U.S. Dist. LEXIS at *9-11. Thus, while the Court acknowledges that SLUSA was enacted largely to prevent plaintiffs from evading federal law protections against abusive litigation by filing in state court, the Court cannot ignore the plain language of the statute. As amended by SLUSA, the removal provision set forth in Section 77p(c) expressly incorporates and relies upon subsection (b), which in turn refers only to particular types of class actions based on state law. Contrary to Defendants' argument, this interpretation does not render meaningless the removal provision set forth in Section 77v(a). As explained by the Nauheim court, "Section 77v(a), as amended by SLUSA, is made meaningful by section 77p(c)'s preemption of an expressly delineated category of state law class actions as set forth under subsection (b) . . . To otherwise interpret the statute would be to ignore its plain meaning." Id. at *14-15 (noting further that this interpretation is consistent with Congress' stated intent to limit securities class actions under state law).

For these reasons, Defendants have not persuaded the Court that a covered class action based on federal law may be removed pursuant to the 1933 Act as amended by SLUSA. Because Plaintiff's complaint is based entirely on federal securities law, the Court finds that the case was improperly removed. Accordingly, Plaintiff's motion to remand is GRANTED. Plaintiff has also moved for attorneys' fees and costs associated with removal

5

pursuant to 28 U.S.C. § 1447(c). However, the Court declines to award such fees and costs in this case.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand [7] is GRANTED, and the parties' joint request for oral argument [19] is DENIED. The Clerk is directed to REMAND the case to the Superior Court of Fulton County, Georgia, and CLOSE this case.

It is so ORDERED this ___ day of July, 2003.

Willis B. Hunt, Jr.
Judge, United States District Court

6

AO 72A
(Rev.8/82)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MARY T. WILLIAMS, on behalf of<br>herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AFC ENTERPRISES, INC., FRANK<br>J. BELATTI, GERALD J. WILKINS,<br>DICK R. HOLBROOK, SAMUEL N.<br>FRANKEL, MARK J. DORAN,<br>PAUL FARRAR, MATT L. FIGEL,<br>KELVIN J. PENNINGTON, JOHN M.<br>ROTH, RONALD P. SPOGLI, PETER<br>STARRETT and WILLIAM M.<br>WARDLAW,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<div style="text-align:right">CIVIL ACTION FILE NO.: 2003CV69845</div>

## NOTICE OF FILING NOTICE OF REMOVAL

**To:    Clerk of the Superior Court of Fulton County, State of Georgia**

In compliance with 28 U.S.C. § 1446, you are hereby notified that Defendants in the above-styled case have filed a Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division, a copy of which is attached hereto as Exhibit 1.

This 20th day of August, 2003.

KING & SPALDING LLP

M. Robert Thornton
Georgia Bar No. 710475
Michael R. Smith
Georgia Bar No. 661689
John P. Brumbaugh
Georgia Bar No. 085378

191 Peachtree Street
Atlanta, Georgia 30303
(404) 572-4600

Counsel for Defendants AFC Enterprises,
Inc., Frank J. Belatti, Gerald J. Wilkins,
Dick R. Holbrook, Samuel N. Frankel, Mark
J. Doran, Paul Farrar, Matt L. Figel, Kelvin
J. Pennington, John M. Roth, Ronald P.
Spogli, Peter Starrett and William M.
Wardlaw

2

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and exact copy of the foregoing

**NOTICE OF FILING NOTICE OF REMOVAL** upon Plaintiff via United States Mail,

postage pre-paid, addressed as follows:

> Corey D. Holzer
> Christi A. Cannon
> Michael I. Fistel, Jr.
> **Holzer Holzer & Cannon, LLC**
> Suite E-107
> 1117 Perimeter Center West
> Atlanta, Georgia  30338
>
> S. Gene Cauley
> Randall K. Pulliam
> **Cauley, Geller, Bowman, Coates & Rudman, LLP**
> 11001 Executive Center Drive
> Little Rock, Arkansas  72211

This 20th day of August, 2003.

John P. Brumbaugh

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARY T. WILLIAMS, on behalf of herself and all others similarly situated, | : : : | |
| Plaintiffs, | : : | STATE CIVIL ACTION NO.: 2003CV69845 |
| v. | : : | |
| AFC ENTERPRISES, INC., FRANK J. BELATTI, GERALD J. WILKINS, DICK R. HOLBROOK, SAMUEL N. FRANKEL, MARK J. DORAN, PAUL FARRAR, MATT L. FIGEL, KELVIN J. PENNINGTON, JOHN M. ROTH, RONALD P. SPOGLI, PETER STARRETT and WILLIAM M. WARDLAW, | : : : : : : : : : : | CIVIL ACTION NO.: _____ |
| Defendants. | : : | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of **Defendants' Notice of Removal** on counsel for all parties to this proceeding and on counsel for the proposed lead plaintiff by placing same in the United States mail, first-class postage affixed, properly addressed as follows:

Corey D. Holzer
Christi A. Cannon
Michael I. Fistel, Jr.
**Holzer Holzer & Cannon, LLC**
Suite E-107
1117 Perimeter Center West
Atlanta, Georgia  30338

S. Gene Cauley
Randall K. Pulliam
**Cauley, Geller, Bowman, Coates & Rudman, LLP**
11001 Executive Center Drive
Little Rock, Arkansas  72211

This 20th day of August, 2003.

John P. Brumbaugh